UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
BARBARA JACOBS and : CASE NO. 3:17-CV-0475
RONALD JACOBS, :
:
        Plaintiffs, :
:
vs. : OPINION & ORDER
: [Resolving Doc. Nos. 1, 3, 8 and 9]
JP MORGAN CHASE BANK N.A., *et al.*, :
:
        Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiffs Barbara and Ronald Jacobs claim Defendants violated mortgage disclosure requirements under the Truth in Lending Act ("TILA") and breached a fiduciary duty to them. They claim this renders the note and mortgage void. They also acknowledge the property secured by the mortgage was foreclosed upon in 2013 in an action filed by JP Morgan Chase in the Lucas County Court of Common Pleas. They ask this Court to assume jurisdiction over the Lucas County foreclosure action, award them compensatory damages in the amount of the note and finance charges, and award them punitive damages for wrongful foreclosure.

Plaintiffs filed a Motion for Preliminary Injunction (Doc. No. 3) and a Motion for Temporary Restraining Order (Doc. No. 9) asking this Court to enjoin their eviction from the property. For the reasons stated below, the Motions are denied and this action is dismissed.

**I. Background**

In 2008, Plaintiffs executed a mortgage and a note, secured by real property. They defaulted on the mortgage and JP Morgan Chase filed a foreclosure action in the Lucas County

Court of Common Pleas in 2012.[1] The court permitted Homeward Residential, Inc. ("Homeward") to substitute as the Plaintiff for JP Morgan Chase on January 22, 2013. Plaintiffs did not file an Answer in the action and the Court granted a default judgment in favor of Homeward on February 7, 2013. After several legal delays, including Plaintiffs' Chapter 13 bankruptcy filing, the property was sold at sheriff's sale to Federal Home Loan Mortgage Corporation ("Federal Home Loan") in April 2016. Federal Home Loan filed an eviction action to remove Plaintiffs from the premises. The Toledo Municipal Court granted a writ of possession to Federal Home Loan on April 3, 2017.[2]

Plaintiffs filed this federal court action to challenge the validity of the note and mortgage. They claim JP Morgan Chase "originate[d] money" for a credit/mortgage account but did not loan any of its money to the Plaintiffs. They state, without explanation, that the Defendants did not provide full disclosure of their right to rescission under the TILA. They also claim the Defendants breached a fiduciary duty to them and abused their trust. They seek monetary damages.

## II. Legal Standard

Although the Court does not hold *pro se* pleadings to the same standard as those filed by attorneys, the Court may dismiss an action *sua sponte* if the Complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to

---

[1] *JP Morgan Chase v. Jacobs*, No. G-4801-CI-201203430-000 (Lucas Cty Ct. Comm. Pl. filed May 23, 2012).

[2] *Federal Mortgage Corp. v. Jacobs*, No. CVG-16-18754 (Toledo Mun. Ct. Apr. 3. 2017).

-2-

deprive the court of jurisdiction.³ The claims asserted in this action involve issues that were decided by the state court in the foreclosure action and are no longer open to discussion. Furthermore, the Court lacks subject matter jurisdiction to award damages for wrongful foreclosure.

### III. Analysis

First, Plaintiffs' claims are barred by *res judicata*. They challenge the validity of the mortgage and indicate the Defendants did not provide full disclosure concerning their right to rescind it. The validity of the mortgage was necessarily decided by the state court when it granted a judgment in favor of Defendants. Furthermore, Plaintiffs actually filed a Notice of Rescission in the foreclosure action two years after judgment was issued and the state court rejected their arguments. Plaintiffs cannot file a case in federal court to relitigate issues or claims already decided by the state courts.⁴ This Court must give full faith and credit to the state court foreclosure judgment.⁵

In addition, this Court cannot declare a state court foreclosure action to be unlawful. United States District Courts do not have jurisdiction to review or overturn state court decisions.⁶ Only the United States Supreme Court can review a state court judgment, either by appeal or by writ of certiorari.⁷ Under this principle, generally referred to as the Rooker-

---

³ *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

⁴ *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995).

⁵ *Id.*; *Migra v. Warren City School District Board of Educ.* 465 U.S. 75, 81 (1984).

⁶ *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005).

⁷ *Id.*

Feldman Doctrine, a party losing his case in state court cannot file an action in a Federal District Court claiming in essence that the state court judgment itself violated his or her federal rights.[8] To the extent Plaintiffs are asking this Court alter the state court judgment of foreclosure or declare it to be unlawful, the Court lacks subject matter jurisdiction to hear that claim.

### IV. Conclusion

Accordingly, Plaintiff's Motion for a Preliminary Injunction (Doc. No. 3), and his Motion for a Temporary Restraining Order (Doc. No. 9) are denied. Defendant's Motion for Leave to Plead (Doc. No. 8) is denied as moot. This action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[9]

IT IS SO ORDERED.

Dated: April 19, 2017    *s/  James S. Gwin*
                          JAMES S. GWIN
                          UNITED STATES DISTRICT JUDGE

---

[8] *Berry v. Schmitt* 688 F.3d 290, 298-99 (6th Cir. 2012). *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

[9] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.